# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement[1] is entered into between Plaintiffs, individually, and on behalf of the Settlement Class, and Defendants FinWise Bank, FinWise Bancorp, and American First Finance as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to the Final Approval Order being entered by the Court.

## I.      PROCEDURAL HISTORY

1.      On or about May 31, 2024, FinWise experienced the Data Incident. The Incident implicated systems that contained information about certain individuals.

2.      On or about July 29, 2025, FinWise began notifying individuals, including Plaintiffs and Settlement Class Members, that their Private Information was involved in the Data Incident.

3.      Class action lawsuits relating to the Data Incident subsequently were filed against Defendants in the United States District Court for the District of Utah.

4.      These related actions were consolidated before Judge Jill N. Parish in the United States District Court for the District of Utah, under the docket number of the first filed case, *Minter v. FinWise Bank et al.*, Case No. 2:25-cv-00569-JNP-CMR, and Interim Co-Lead Class Counsel subsequently were appointed. ECF Nos. 36, 37.

5.      Plaintiffs filed the Consolidated Class Action Complaint against Defendants on November 17, 2025, alleging various common law and statutory causes of action. ECF No. 41.

6.      On January 14, 2026, the Court granted the Parties' motion to stay proceedings pending mediation. ECF Nos. 48, 49.

7.      The Parties attended an in-person, private mediation on March 17, 2026, in

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below.

Philadelphia, Pennsylvania, with the Honorable Diane M. Welsh (Ret.) of JAMS, who is a highly respected mediator, including in data privacy matters.

8. In advance of the mediation, Defendants and Plaintiffs exchanged informal pre-mediation discovery and information to facilitate meaningful settlement discussions. The Parties also exchanged detailed mediation statements outlining their positions with respect to liability, damages, and settlement.

9. The Parties made significant progress during the mediation but were unable to settle this matter at the mediation.

10. Following numerous days of additional negotiations, the Parties reached a settlement in principle to resolve this matter. Weeks of continued discussions and negotiation of the finer settlement details ensued, until the Parties finalized all details of and memorialized the Settlement presented herein.

11. The Parties now agree to settle the Action entirely, without any admission by Defendants of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties.

12. Defendants have entered into this Agreement to resolve all controversies and disputes arising out of or relating in any way to the allegations made in the Consolidated Class Action Complaint and the Data Incident, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to their business operations associated with further litigation. Defendants do not in any way acknowledge, admit to, or concede any of the allegations made in the Consolidated Class Action Complaint, and expressly disclaim and deny any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Consolidated Class Action Complaint or in connection with the Data Incident. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall

2

not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement.

13.     The Parties intend this Agreement to bind Plaintiffs, Defendants, and all Settlement Class Members to the Settlement.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    <u>DEFINITIONS</u>

14.     "**Action**" or "**Litigation**" mean the above-captioned action, *Minter v. FinWise Bank et al.*, Case No. 2:25-cv-00569-JNP-CMR (D. Utah).

15.     "**Agreement**" or "**Settlement**" or "**Settlement Agreement**" mean this Class Action Settlement Agreement and Release.

16.     "**American First Finance**" means defendant American First Finance and its directors, officers, employees, and agents.

17.     "**Application for Attorneys' Fees and Costs**" means the application seeking the payment of attorneys' fees and, separately, reimbursement of costs and expenses to Class Counsel, as well as payment of Class Representative Service Awards, all from the Settlement Fund.

18.     "**CAFA Notice**" means the Class Action Fairness Act Notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

19.     "**Cash Fund Payment**" means a pro rata cash payment to be paid to Settlement Class Members who submit a Valid Claim for a Cash Fund Payment under Section V herein. A

Valid Claim for a Cash Fund Payment shall be in lieu of a Valid Claim for a Documented Losses Payment under the terms of this Settlement.

20.    "**Claim**" means the submission of a Claim Form by a Claimant for Settlement Class Member Benefits.

21.    "**Claimant**" means a Settlement Class Member who submits a Claim Form for a Settlement Benefit.

22.    "**Claim Form**" means the paper or electronic claim form, substantially in the form attached hereto as **Exhibit A**, that Class Members can submit for Settlement Benefits. The Claim Form is to be included with the Postcard Notice as a tear-off claim form and, separately, posted to the Settlement Website, and may be modified as necessary, subject to the Parties' approval.

23.    "**Claim Deadline**" means the date that is 90 days after the Notice Date, and is the last day on which a Claim Form may be submitted by Class Members and be deemed timely.

24.    "**Claim Process**" means the process by which Claimants submit Claims to the Settlement Administrator and the Settlement Administrator determines which Claims are Valid Claims.

25.    "**Class Counsel**" or **"Settlement Class Counsel"** means Andrew W. Ferich of Ahdoot & Wolfson, P.C., Marc H. Edelson of Edelson Lechtzin, LLP, and Tyler J. Bean of Siri & Glimstad LLP.

26.    "**Class List**" means the list of Settlement Class Members who are to be sent the Postcard Notice or Email Notice concerning the Settlement. The Class List shall include the Settlement Class Members' names, email addresses, and postal addresses, if available.

27.    "**Class Representatives**" means the Plaintiffs who timely execute the Settlement Agreement.

28.    "**Consolidated Class Action Complaint**" means the Consolidated Class Action Complaint filed in this Action.

29.    "**Court**" means the United States District Court for the District of Utah and the Judge(s) assigned to the Action.

30.    "**Credit Monitoring**" means the credit monitoring product that Settlement Class Members may elect as a Settlement Benefit.

31.    "**Data Incident**" or "**Incident**" mean the data security incident involving FinWise that is the subject of this Action.

32.    "**Defendants**" means, collectively, FinWise Bank, FinWise Bancorp, and American First Finance.

33.    "**Defendants' Counsel**" means the law firm of Cozen O'Connor.

34.    "**Documented Losses**" means the documented out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are fairly traceable to the Data Incident and have not already been reimbursed by a third party, for which Settlement Class Members may submit a claim to be compensated under this Settlement, up to a total of $5,000.00 per Claimant.

35.    "**Documented Losses Payment**" means a cash settlement payment to be paid to Settlement Class Members who submit a Valid Claim for Documented Losses under Section V herein. A Valid Claim for a Documented Losses Payment shall be in lieu of a Valid Claim for a Cash Fund Payment under the terms of this Settlement.

36.    "**Effective Date**" means the day after the entry of the Final Approval Order, provided no objections are made to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (a) 30 days after entry of the Final Approval Order if objections are filed and overruled and no appeals are taken from the Final Approval Order; or (b)

5

if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

37.     "**Email Notice**" means the email form of Notice of the Settlement, substantially in the form attached hereto as **Exhibit B**, distributed to Settlement Class members for which email addresses are available.

38.     "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

39.     "**Fee and Costs Award**" means the amount of attorneys' fees and, separate reimbursement of Litigation Costs and Expenses awarded by the Court to Class Counsel.

40.     "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached to the Motion for Final Approval.

41.     "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval, including the Motion for Final Approval and the Application for Attorneys' Fees and Costs.

42.     "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement. The Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded.

43.     "**FinWise**" means Defendants FinWise Bank and FinWise Bancorp, collectively, as well as all FinWise Bank and FinWise Bancorp directors, officers, employees, and agents.

44.     "**Litigation Costs and Expenses**" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Action.

45.    "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as **Exhibit C**, that shall be posted on the Settlement Website and shall be available to Settlement Class members by mail upon request to the Settlement Administrator.

46.    "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

47.    "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

48.    "**Net Settlement Fund**" means the amount of the funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Settlement Administration Costs; (ii) Taxes and Tax-Related Expenses; and (iii) any Fee and Costs Award approved by the Court.

49.    "**Non-Profit Residual Recipient**" means the Electronic Frontier Foundation, a 501(c)(3) non-profit organization, or any other non-profit organization(s) as approved by the Court.

50.    "**Notice**" means the Email Notice, Postcard Notice, and Long Form Notice, that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

51.    "**Notice of Data Incident**" means the notices FinWise sent to persons whose information was involved in the Data Incident.

52.    "**Notice Date**" means the last day by which initial Notice must be disseminated to the Settlement Class Members, which shall be the date 30 days after entry of the Preliminary Approval Order. Should Notice be disseminated prior to the date that is 30 days following entry of the Preliminary Approval Order, the date on which Notice is disseminated shall be treated as the Notice Date for purposes of this Agreement and calculating all other date herein.

53.    "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and consists of the Email Notice, Postcard Notice, and Long Form Notice.

54.    "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class Member who has submitted an invalid Claim.

55.    "**Objection Deadline**" means the date that is 60 days after the Notice Date.

56.    "**Opt-Out Deadline**" means the date that is 60 days after the Notice Date.

57.    "**Party**" means each of the Plaintiffs and Defendants, and "**Parties**" means Plaintiffs and Defendants collectively.

58.    "**Plaintiffs**" means Plaintiffs Keeba Council, Raymond Delgado Sandoval, Kyle Gannon, Latise Savoy, Jeffrey Alonzo Minter, and Kimberly Dukes.

59.    "**Private Information**" means—for purposes of this Agreement only—some combination of Settlement Class Members' full names, dates of birth, Social Security numbers, and customer account numbers, and any other information alleged as being private information in the Consolidated Class Action Complaint.

60.    "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as **Exhibit D**, that the Settlement Administrator shall disseminate to Settlement Class Members by mail.

61.    "**Preliminary Approval**" means the preliminary approval of the settlement, which occurs when the Court enters the Preliminary Approval Order.

62.    "**Preliminary Approval Order**" means the order preliminarily approving the settlement and proposed Notice Program, substantially in the form attached hereto as **Exhibit E**.

63. "**Releases**" means the releases and waiver set forth in Section XII of this Agreement.

64. "**Released Claims**" means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, asserted or unasserted, liquidated or unliquidated, existing or potential, suspected or unsuspected claims, demands, liabilities, rights, suits, causes of action, obligations, damages, punitive, exemplary or multiplied damages, expenses, costs, losses, attorneys' fees and/or obligations, and remedies of any kind or description, whether in law or in equity, accrued or unaccrued, direct, individual or representative, joint or several, of every nature and description whatsoever, based on any federal, state, local, statutory or common law, whether in tort, contact or quasi-contract, or based on any regulation, rule or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act that have been or could have been asserted in the Consolidated Class Action Complaint or that otherwise relate in any way to or arise from the Data Incident.

65. "**Released Parties**" means Defendants FinWise Bank, FinWise Bancorp, American First Finance; their predecessors, successors, and assigns; the past, present, and future direct and indirect parents, subsidiaries, divisions, corporations, affiliates, divisions, and departments of any of the foregoing; and the past, present, and future principals, trustees, beneficiaries, receivers, owners, officers, members, directors, employees, investors, stockholders, partners, retail partners, servants, benefit plans, agents, vendors, managers, administrators, advisors, successors, associates, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing.

66. "**Releasing Parties**" means Plaintiffs and Settlement Class Members and each and every of their respective past, present, and future heirs, beneficiaries, dependents, spouses,

9

conservators, executors, estates, administrators, assigns, agents, accountants, attorneys, financial and other advisors, and any other representatives of any of these persons and entities.

67.    "**Request for Exclusion**" means a written communication by a Settlement Class Member in which he or she requests to opt out/be excluded from the Settlement Class in the form and manner provided for in the Notice and pursuant to the terms of this Settlement.

68.    "**Residual Settlement Fund**" means any funds that remain from the Net Settlement Fund after settlement payments have been distributed and the time for cashing and/or redeeming settlement payments has expired. The Residual Settlement Fund will be sent to the Non-Profit Residual Recipient.

69.    "**Service Award**" means the payment the Court may award to each Class Representative, which is in addition to any Settlement Benefit due to Class Representatives as Settlement Class Members. Any approved Service Awards shall be paid from the Settlement Fund but are separate from, and in addition to, the Settlement Benefits.

70.    "**Settlement Administration Costs**" or "**Administrative Costs**" means all costs, expenses, and fees incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class Members, locating Settlement Class Members, performing National Change of Address search(es) and/or skip tracing, processing claims, determining the eligibility of any person to be a Settlement Class Member, issuing CAFA Notice, and administering and distributing the Settlement Benefits to Settlement Class Members. Settlement Administration Costs also includes all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement. Settlement Administration Costs will be paid solely from the Settlement Fund.

71.     "**Settlement Administrator**" or "**Epiq**" means Epiq Class Action & Claims Solutions, Inc., the third-party class action settlement administrator agreed to by the Parties subject to the approval of the Court. Under the supervision of Class Counsel, the Settlement Administrator shall oversee and implement the Notice Program and receive any Requests for Exclusion from the Class. Class Counsel and Defendants' Counsel may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

72.     "**Settlement Benefits**" means the benefits available to the Settlement Class Members pursuant to this Agreement.

73.     "**Settlement Class**" or "**Class**" mean all living, natural persons residing in the United States whose Private Information was affected by the Data Incident, including all individuals who were sent a notice of the Data Incident. Excluded from the Settlement Class are: (1) Defendants, and any entity in which Defendants have a controlling interest, and Defendants' parents, successors, subsidiaries, affiliates, and assigns; (2) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (3) any persons who have released claims relating to the Action; and (4) all Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

74.     "**Settlement Class Member**" or "**Class Member**" mean any member of the Settlement Class.

75.     "**Settlement Fund**" means the sum of two million eight hundred thousand dollars and no cents ($2,800,000.00), to be paid by or on behalf of Defendants pursuant to Section III herein, including any interest accrued thereon after payment. This payment, without exception, is the limit and extent of the monetary obligations of Defendants and each entity which is controlled by, controlling, or under common control with Defendants and each and every of their respective

11

past, present, and future assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, departments, officers, directors, shareholders, members, agents, servants, employees, partners, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, vendors, managers, administrators, executors, and trustees, insurers and reinsurers with respect to this Agreement and the settlement of this matter.

76.     "**Settlement Payment**" means the monetary Settlement Benefits paid to Claimants who submit a Valid Claim under this Settlement, including for Documented Losses Payments or Cash Fund Payments.

77.     "**Settlement Website**" means the website the Settlement Administrator will establish as a means for Settlement Class Members to submit Claim Forms and obtain notice and information about the settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees and Costs, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders to be posted. The Settlement Website shall remain online and operable for at least six months after Final Approval.

78.     "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendants with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

79.     "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of this Agreement; (b) accurately, fully, and

truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to penalty of perjury; (d) returned via mail and postmarked by the Claim Deadline, or, if submitted online, submitted by 11:59 p.m. eastern time on the Claim Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

## III.    SETTLEMENT FUND

80.    Within 30 days after receiving (1) the Settlement Administrator's completed W-9 form, (2) an invoice issued by the Settlement Administrator to Defendants of an estimate of the reasonable Settlement Administration Costs incurred prior to entry of the Final Approval Order and judgment ("Estimated Costs"), (3) check and wire instructions from the Settlement Administrator, and (4) entry of the Preliminary Approval Order, which shall include an order establishing the Settlement Fund pursuant to pursuant to Treasury Regulation § 1.468B-1(c)(1), Defendants agree to make or cause to be made a payment in the amount of the Estimated Costs, roughly estimated to be approximately $225,000.00, to a bank account designated by the Settlement Administrator, i.e., the Escrow Account. The Escrow Account will be an interest-bearing bank escrow account established and administered by the Settlement Administrator. The Escrow Account shall be held in a qualified settlement fund (defined below) in interest-bearing bank account deposits with commercial banks with excess capital exceeding one billion United States dollars and zero cents ($1,000,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC.

13

81.     Within 7 days of the Effective date, Defendants agree to make or cause to be made a payment equal to the balance of the Settlement Fund (i.e., $2,800,000 less the Estimated Costs) into the Escrow Account.

82.     The Settlement Fund (including any Estimated Costs paid) will be used to pay Valid Claims, Administrative Costs (to be agreed upon by both parties), and any Court approved Fee and Costs Award and Service Awards. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendants' liability shall not exceed the Settlement Fund.

83.     All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Settlement Administrator is responsible for the payment of all Taxes and Tax-Related Expenses.

84.     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 at all times after the creation of the Escrow Account. All Taxes and Tax-Related Expenses shall be paid out of the Escrow Account. Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the Taxes or Tax-Related Expenses. The Escrow Account shall indemnify and hold Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel harmless for all Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification). For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as

14

the election described in the previous paragraph) shall be consistent with this paragraph and in all events shall reflect that all taxes (including the Taxes and Tax-Related Expenses, any estimated taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Settlement Administrator shall maintain control over the Settlement Fund and shall be responsible for all disbursements. The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Defendants' Counsel or by order of the Court. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement or further order of the Court.

85.     Any amount remaining in the Residual Settlement Fund shall be paid to the Non-Profit Residual Recipient as set forth in this Agreement.

86.     The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by Plaintiffs or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Plaintiffs and Settlement Class Members shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## IV.     <u>CERTIFICATION OF THE SETTLEMENT CLASS</u>

87.     In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for settlement purposes only. Defendants agree, solely for purposes of the Settlement and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendants shall retain all

rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement or any subsequent preliminary, conditional, provisionary, or other class certification by the Court in support of any subsequent motion for class certification of any class in the Action.

## V.    SETTLEMENT CLASS MEMBER BENEFITS

88.    Settlement Payments. Each Class Member may qualify and submit a claim for either a Documented Losses Payment or a Cash Fund Payment, as described below, as a cash Settlement Payment.

89.    Documented Losses Payment. All Settlement Class Members may submit a Claim for a Documented Losses Payment, up to a maximum of $5,000.00 per Claimant. Settlement Class Members may submit a Claim for reimbursement upon presentment of reasonable Documented Losses arising from the Data Incident. Documented Losses are unreimbursed costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Data Incident including, without limitation, the following: (i) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other misuse of Class Member's Private Information; (ii) costs incurred on or after May 31, 2024, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Documented Losses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

a.    Settlement Class Members who elect to submit a Claim Form for reimbursement for Documented Losses must provide to the Settlement Administrator the information required to evaluate the Claim, including a signed verification of: (1) the Settlement Class Member's name, e-mail address, and current postal address; (2) documentation supporting

16

their Claim; (3) a brief description of the documentation describing the nature of the loss; and (4) whether the Settlement Class Member has been reimbursed for the loss by another source. Documentation supporting Documented Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to validate a Claim and receive reimbursement, but can be considered to add clarity to or support other submitted documentation. Settlement Class Members shall not be reimbursed for Documented Losses if they have already been reimbursed for the same out-of-pocket losses by another source, including compensation provided in connection with the identity protection and credit monitoring services offered as part of the notification letter provided by FinWise or otherwise.

b.      The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Documented Losses reflects valid Documented Losses actually incurred that are fairly traceable to the Data Incident, but may consult with Class Counsel and Defendants' Counsel together in making individual determinations. In assessing what qualifies as "fairly traceable," the Parties agree to instruct the Settlement Administrator to consider: (i) whether the timing of the loss occurred on or after May 31, 2024; and (ii) whether the Private Information used to commit identity theft or fraud consisted of the same type of Private Information that was involved in the Data Incident. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

90.     Cash Fund Payment. Instead of the Documented Losses Payment, Settlement Class Members may submit a claim to receive a *pro rata* Cash Fund Payment. The amount of the Cash

17

Fund Payment will be calculated in accordance with paragraph 94.

91.    Credit Monitoring. In addition to electing one of the two Settlement Payments, all Settlement Class Members who submit a Valid Claim are eligible to receive two years of three bureau Credit Monitoring services that includes, at a minimum, $1 million of identity theft insurance.

92.    Settlement Payment Methods. Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement via various digital methods. In the event that Class Members do not exercise this option, they will receive their Settlement Payment via a physical check sent to them by U.S. Mail.

93.    Deadline to File Claims. Claim Forms must be postmarked (if mailed) or electronically received (if filed on the Settlement Website) within 90 days after the Notice Date.

94.    Distribution of Settlement Payments: The Settlement is designed to exhaust the Settlement Fund. The Settlement Fund shall be used to make payments for the following: (i) Administrative Costs, (ii) any Fee and Costs Award, (iii) any Service Awards, (iv) escrow fees, and (v) Taxes and Tax-Related Expenses. The remaining amount is the Net Settlement Fund. The Settlement Administrator will first apply the Net Settlement Fund to pay Valid Claims for Credit Monitoring and Documented Losses Payments. The amount of the Net Settlement Fund remaining after Credit Monitoring and Documented Loss Payments are applied shall be referred to as the "Post DL Net Settlement Fund." The Settlement Administrator shall then utilize the Post DL Net Settlement Fund to make all Cash Fund Payments.

The amount of each Cash Fund Payment shall be calculated by dividing the Post DL Net Settlement Fund by double the number of valid claims submitted by California residents added to the number of valid claims submitted by non-California residents to determine an "Initial Cash

18

Amount" (i.e., Initial Cash Amount = Post DL Net Settlement Fund / ((2 * the total number of Valid Claims submitted by California residents) + (the total number of Valid Claims submitted by non-California residents))). The Cash Fund Payment amount to non-California residents with Valid Claims will be equal to the Initial Cash Amount, and the Cash Fund Payment amount to California residents with Valid Claims will equal twice the amount of the Initial Cash Amount.

In the unlikely event that the aggregate amount of costs for Documented Losses Payments exceeds the total amount of the Net Settlement Fund, then the value of the Documented Losses Payments to be paid to each Class Member who submitted a Valid Claim shall be reduced, on a *pro rata* basis, such that the aggregate value of all Documented Losses Payments does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed to Claimants with Valid Claims for Cash Fund Payments. All such determinations shall be performed by the Settlement Administrator.

95.    <u>Returned Payments</u>. For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make one additional effort to make any digital payments and engage in a reasonable efforts to find a valid address (in the case of physical checks) and resend the Settlement Payment within 30 days after the physical check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall make one attempt to repay or resend a Settlement Payment.

96.    <u>Residue of Settlement Fund</u>. No portion of the Settlement Fund shall ever revert or be repaid to Defendants after the Effective Date.

97.    <u>Custody of Settlement Fund</u>. The Settlement Fund shall be deposited into the Escrow Account but shall remain subject to the jurisdiction of the Court until such time as the

entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled. In the event this Settlement Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason, any amounts remaining in the Settlement Fund after payment of all Administrative Costs incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any Taxes and Tax-Related Expenses, shall be returned to Defendants and/or their insurer, and no other person or entity shall have any further claim whatsoever to such amounts.

98.    Non-Reversionary. This is a non-reversionary settlement. As of the Effective Date, all rights of Defendants, their insurers and/or reinsurers in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as set forth herein.

99.    Use of the Settlement Fund. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) all Administrative Costs; (ii) any Taxes and Tax-Related Expenses; (iii) any escrow fees; (iv) any Service Awards; (v) any Fee and Costs Award; and (vi) the Settlement Payments and/or Settlement Benefits, pursuant to the terms and conditions of this Agreement.

100.    Payment / Withdrawal Authorization. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Administrative Costs from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Defendants with notice of any withdrawal or other payment the Settlement Administrator proposes to make from

the Settlement Fund before the Effective Date at least 7 business days prior to making such withdrawal or payment.

101.    Payments to Class Members. The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Settlement Fund to Class Members pursuant to this Agreement.

102.    Taxes. All Taxes and Tax-Related Expenses relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Costs, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Taxes do not include any federal, state, and local tax owed by any Claimant, Class Representative and Class Member as a result of any benefit or payment received as a result of the Settlement. Each Class Representative and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

103.    Limitation of Liability.

a.    Defendants, Defendants' insurers and reinsurers, and Defendants' Counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees

21

or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

b.      Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

c.      The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives, Defendants, Defendants' insurers and reinsurers, and Defendants' Counsel harmless for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Program and the administration of the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims

22

asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## VI.    SETTLEMENT APPROVAL

104.    Plaintiffs promptly will file their Motion for Preliminary Approval following the execution of this Agreement. The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form and Claim Process; (5) approve the procedures for Settlement Class Members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint Epiq as Settlement Administrator; (7) appoint Andrew W. Ferich of Ahdoot & Wolfson, P.C., Marc H. Edelson of Edelson Lechtzin, LLP, and Tyler J. Bean of Siri & Glimstad LLP as Class Counsel for Settlement purposes; (8) stay the Action pending Final Approval of the Settlement; and (9) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendants' Counsel.

## VII.    SETTLEMENT ADMINISTRATOR

105.    The Parties agree that, subject to Court approval, Epiq shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in this Agreement and the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

106.    The Settlement Administrator shall administer various aspects of the Settlement as

described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims Process, administering the Settlement Fund, and distributing the Documented Losses Payments and Cash Fund Payments, procuring and issuing Credit Monitoring activation codes to Settlement Class Members who submit Valid Claims.

107.    The Settlement Administrator's duties include the following:

a.  Provide CAFA Notice;

b.  Complete the Court-approved Notice Program by noticing the Settlement Class by Email Notice and/or Postcard Notice and sending out Long Form Notices and paper Claim Forms upon request from Settlement Class members, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit a Valid Claim;

c.  Establish and maintain the Settlement Fund and the Escrow Account;

d.  Establish and maintain a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

e.  Establish and maintain the Settlement Website to provide important information and to receive electronic Claim Forms;

f.  Establish and maintain an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries;

g.  Respond to any mailed Settlement Class Member inquiries;

24

h. Process all Requests for Exclusion from the Settlement Class;

i. Provide weekly reports to Class Counsel and Defendants' Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notice of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

j. In advance of the Final Approval Hearing, prepare a declaration confirming the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each Settlement Class member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

k. Distribute, out of the Settlement Fund, Settlement Payments by electronic means or by paper check;

l. Email all Credit Monitoring activation codes to all Settlement Class Members who elect Credit Monitoring;

m. Pay any Court approved Fee and Costs Award, as approved by the Court, out of the Settlement Fund;

n. Pay Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

o. Any other settlement administration function at the instruction of Class Counsel

25

and Defendants' Counsel, including, but not limited to, verifying that the Settlement Fund has been properly administered, the benefits to the Settlement Class Members who submit Valid Claims have been properly distributed, and payment of any funds in the Residual Settlement Fund have been distributed to the non-profit designated in this Agreement.

## VIII. NOTICE TO THE SETTLEMENT CLASS, OPT-OUT PROCEDURES, AND OBJECTION PROCEDURES

108.    Defendants will provide the Settlement Administrator with the Class List no later than 10 days after entry of the Preliminary Approval Order. To the extent necessary, Defendants will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.

109.    Within 30 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the forms of Notice approved by the Court. Where physical addresses have been provided for Settlement Class members, Postcard Notices shall be sent, with an attached "tear off" claim form with prepaid postage for those who wish to make claims that do not require documentation, i.e., Claims for Credit Monitoring and a Cash Fund Payment. Where email addresses have been provided for Settlement Class Members, Email Notice shall be sent first.

110.    The Email Notice and Postcard Notice shall include, among other information: (a) a description of the material terms of the Settlement; (b) identification of the applicable class and applicable Released Parties for each Settlement Class Member; (c) how to submit a Claim Form; (d) the Claim Deadline; (e) the Opt-Out Deadline for Settlement Class Members to request exclusion from the Settlement Class; (f) the Objection Deadline for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees and Costs; (g) the Final Approval

Hearing date; and (h) the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information. The Settlement Administrator shall insert the correct dates and deadlines in the Notices before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

111.    The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted online directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

112.    The Long Form Notice shall also identify the procedure for Settlement Class Members to request exclusion from the Settlement Class, and the Email Notice and Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the opt-out instructions.

113.    To request exclusion, a Settlement Class Member must mail a written letter requesting exclusion to the Settlement Administrator, postmarked on or before the Opt-Out Deadline. The letter requesting exclusion must contain (i) the Settlement Class Member's full legal name; (ii) the Settlement Class Member's address, telephone number, and email address; (iii) the identity of the Settlement Class Member's counsel, if represented; (iv) a handwritten or electronically imaged written signature of the Settlement Class Member; and (v) a statement clearly indicating the individual wishes to be excluded from the Settlement Class for the purposes

27

of the Settlement. Requests for exclusion furthermore must be made on an individual basis and request exclusion only for that one individual whose personal signature appears on the request; "mass," "class," or other purported group opt outs, or opt outs signed by counsel, are not permitted and are not effective. Any Settlement Class Member who does not submit a timely and valid Request for Exclusion shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

114.    The Long Form Notice shall also include a procedure for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees and Costs, and the Postcard Notice and Email Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the objection instructions. Objections must be sent by U.S. Mail to the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the Objection Deadline, as specified in the Notice, and the Settlement Class Member must not have opted out of the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

115.    For an objection to be valid, the objection must also set forth:

a.    the name of the proceedings;

b.    the objector's full name, mailing address, telephone number, and email address (if any);

c.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d.  a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

e.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

f.  a statement of whether the objector and/or his/her attorney(s) intend to appear and/or testify at the Final Approval Hearing;

g.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

h.  the number of times the objector, the objector's counsel and/or counsel's law firm has objected to a class action settlement within the 5 years preceding the date of the objection, the caption of each case in which the objection was made, and a copy of any orders related to or ruling upon the prior objections that were issued by the trial and appellate courts in each listed case; and

i.  a handwritten or electronically imaged written signature of the objector (an attorney's signature is not sufficient).

116.  Class Counsel and/or Defendants' Counsel may conduct expedited, limited discovery on any objector or objector's counsel.

117.  Within 7 days after the Opt-Out Deadline as set forth in this Agreement and as approved by the Court, the Settlement Administrator shall furnish to counsel for the Parties a complete list of all timely and valid Requests for Exclusion. In the event that within 7 days after receipt of the list from the Settlement Administrator, more than 1,000 members of the Settlement

29

Class have requested exclusion from the Settlement, Defendants may, by notifying Class Counsel in writing, void this Agreement.

118.    The Settlement Administrator shall perform reasonable address traces for those Email Notices or Postcard Notices returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. To the extent better addresses are found, the Settlement Administrator should attempt to remail the Postcard Notice.

119.    The Notice Program shall be completed in its entirety no later than 45 days before the original date set for the Final Approval Hearing.

## IX.    CLAIM PROCESS AND DISBURSEMENT OF CASH PAYMENTS

### CLAIM PROCESS

120.    The Notice and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Settlement Benefit and how to submit a Claim Form.

121.    Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

122.    The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall verify that each person who submits a Claim is a Settlement Class Member. The Settlement Administrator shall also examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

123.    The Settlement Administrator shall use all reasonable efforts and means to identify

and reject duplicate claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. The Settlement Administrator shall use its best efforts to determine whether there is any duplication of Claims, and if there is, contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

124.    The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim Process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

125.    Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Settlement Class Member using the contact information provided in the Claim Form. The additional information and/or

31

documentation can include, for example, answers to questions regarding the validity of the physical or e-signature. A Settlement Class Member shall have until the Claim Deadline, or 15 days after the date the Notice of Deficiency is sent via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Settlement Class Member timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Settlement Class Member does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendants and Class Counsel otherwise agree in writing.

126.    Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a.  Failure to fully complete and/or sign the Claim Form;

b.  Illegible Claim Form;

c.  The Claim Form is fraudulent;

d.  The Claim Form is duplicative of another Claim Form;

e.  The Claimant is not a Settlement Class Member;

f.  The Claimant submitted a timely and valid Request for Exclusion from the Settlement Class.

g.  The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h.  Failure to submit a Claim Form by the Claim Deadline; and/or

i.  The Claim Form otherwise does not comply with the requirements of this Settlement.

127.    The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.  The Settlement Administrator shall have 30 days from the Claim Deadline to approve or reject Claims based on findings of fraud or duplication;

b.  A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this Paragraph;

c.  If a Claim is rejected for fraud or duplication, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Upon request, Class Counsel and Defendants' Counsel shall be provided with copies of all such notifications to Claimants; and

d.  The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

128.    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendants' Counsel. Additionally, Class Counsel and Defendants' Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

129.    The Parties, Class Counsel, Defendants' Counsel, and Defendants' insurers and reinsurers shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement

33

of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

130.    The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, Defendants' Counsel, and Defendants' insurers and reinsurers for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Program and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

DISBURSEMENT OF SETTLEMENT BENEFITS

131.    No later than 60 days after the Effective Date, the Settlement Administrator shall distribute the Settlement Class Member Benefits.

132.    The Settlement Administrator will send an email to Settlement Class Members with Valid Claims that include an election for Credit Monitoring with information on how to enroll in the Credit Monitoring, including the activation code.

133.    Cash Settlement Payments to Settlement Class Members will be made by electronic payment or by paper check. In the event a Settlement Class Member does not make an election of electronic payment or paper check, or if there is a problem with issuance of an electronic payment, a paper check will be sent to the Settlement Class Member's last known address. Paper checks must be negotiated within 90 days of issuance. In the event the Settlement Administrator

34

is unable to distribute funds to the Settlement Class Members entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall become residual funds, and such Settlement Class Members shall forfeit their entitlement right to the funds.

134.    The Settlement Administrator must first use the funds available in the Settlement Fund (after payment of Settlement Administration Costs and Taxes and Tax-Related Expenses) to make payments for any Fee and Costs Awards, followed by Service Awards, followed by Valid Claims for Credit Monitoring, followed by Valid Claims for Documented Losses Payments, followed by Valid Claims for Cash Fund Payments.

135.    All *pro rata* determinations required by this Agreement shall be performed by the Settlement Administrator upon notice to Class Counsel and Defendants' Counsel.

136.    No portion of the Settlement Fund shall revert or be repaid to Defendants after the Effective Date. The Settlement is designed to exhaust the Settlement Fund. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of all Settlement Payments to the Class Members, a subsequent Settlement Payment will be made evenly to all Class Members with Valid Claims for Cash Fund Payments who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than three dollars and no cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average check or digital payment in a distribution is less than three dollars ($3.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed to the Non-Profit Residual Recipient.

## X.    <u>FINAL APPROVAL ORDER AND FINAL JUDGMENT</u>

137.    Class Counsel shall file their Application for Attorneys' Fees and Costs not later than 14 days before the Objection Deadline. At the Final Approval Hearing, the Court will hear

argument on Class Counsel's Motion for Final Approval of the Settlement and Application for Attorneys' Fees and Costs. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees and Costs, provided the objectors submitted timely objections that meet all the requirements listed in this Agreement.

138.    Class Counsel shall file their Motion for Final Approval of the Settlement no later than 14 days before the original date set for the Final Approval Hearing. At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees and Costs. Such proposed Final Approval Order shall, among other things:

a.  Determine that the Settlement is fair, adequate and reasonable;

b.  Finally certify the Settlement Class for settlement purposes only;

c.  Determine the completed Notice Program satisfies due process requirements;

d.  Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction or forum, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

e.  Release Defendants and the Released Parties from the Released Claims, as specified in Section XII below; and

f.  Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.   SERVICE AWARDS, ATTORNEYS' FEES AND COSTS

139.   The Class Representatives may seek a Service Award of up to $2,500 each, subject to Court approval. Any Service Award will be paid from the Settlement Fund. Class Counsel shall also apply to the Court for an award of attorneys' fees of up to one-third of the Settlement Fund, plus, separately, reimbursement of litigation expenses and costs. Any Fee and Costs Award and Service Awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account (or accounts) designated by Class Counsel within 21 days of the Effective Date.

140.   This Settlement is not contingent on approval of the request for attorneys' fees and expenses, or the request for Service Awards. If the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in full force and effect.

141.   To the extent applicable, and unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee and Costs Award amongst Class Counsel and any other attorneys for Plaintiffs. Defendants and their insurers and reinsurers shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

## XII.   RELEASES

142.   Upon the Effective Date, and in consideration of the relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged Defendants and the Released Parties from any and all Released Claims.

143.   The Released Claims include the Release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any Settlement Class Member or any Releasing Party, do not know or suspect to exist which, if known by him, her or it,

37

might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs, the Settlement Class Members, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, each of the Releasing Parties shall also be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law(s) of any state, the District of Columbia, or territory of the United States, by federal law(s), or principle of common law, or the law of any jurisdiction outside of the United States, which is/are similar, comparable or equivalent to California Civil Code Section 1542 (including, without limitation, California Civil Code § 1798.80, et seq., Montana Code Ann. § 28- 1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to fully, finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims that they may have, as that term is defined in this paragraph.

144.    The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar

proceeding, in any capacity whatsoever, based on any of the Released Claims. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

145.    Following the Effective Date, the Settlement Administrator shall maintain a list of applicable Settlement Class Members with Released Claims against Defendants and will provide Defendants and Defendants' Counsel with a copy of the list of Settlement Class Members. Each list shall be conclusive evidence of the Settlement Class Members that have Released Claims for each Defendant.

146.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting all Released Claims, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction or forum, including in any federal, state, or local court or tribunal, or before any arbitration or similar tribunal.

147.    The power to enforce any term of this Settlement is not affected by the releases in this section.

## XIII.    **MODIFICATION/TERMINATION OF SETTLEMENT**

148.    The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

149.    This Agreement shall be subject to and is expressly conditioned on the occurrence

of all of the following events:

    a.   Court approval of the Settlement consideration set forth in Section III and the Releases set forth in Section XII of this Agreement;

    b.   The Court has entered the Preliminary Approval Order;

    c.   The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

    d.   The Effective Date has occurred.

150.    If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition of approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

151.    In the event this Agreement is terminated or fails to become effective, then this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendants', and Defendants' Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. The Parties shall further jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved; any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purposes; and the terms and provisions of this Agreement shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

152.    In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund—less any Administrative Costs expended to date—shall be promptly returned to Defendants.

## XIV.    <u>NO ADMISSION OF LIABILITY</u>

153.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendants have denied and continue to deny each of the claims and contentions alleged in the Consolidated Class Action Complaint. Defendants do not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendants have agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

154.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted informal discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

155.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind

41

whatsoever.

156.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, arbitral tribunal, or other tribunal.

157.    In addition to any other defenses Defendants or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XV.    <u>MISCELLANEOUS PROVISIONS</u>

158.    *Confidentiality*. To the extent permitted by ethics rules, the Parties and their counsel shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Agreement. This paragraph shall not be construed to limit or impede the Notice requirements contained in this Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendants' Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their counsel may make to the Court to assist in the Court's evaluation of the Settlement, Preliminary Approval, Final Approval, and any objection to the Settlement's terms. Defendants may also provide information about the Agreement to their customers, employees, attorneys, members, partners, insurers, brokers, agents, and other persons or entities as required by securities laws, other applicable laws and regulations, and as

necessary to effect the Settlement.

159. *Non-Disparagement*. Plaintiffs' counsel and the Settlement Class, for themselves and on behalf of each and every of their respective past, present, and future heirs, beneficiaries, dependents, spouses, conservators, executors, estates, administrators, assigns, agents, attorneys, accountants, financial and other advisors, and any other representatives of any of these persons and entities shall agree not to publicly disparage Defendants or take any action designed to harm the public perception of Defendants regarding any issue that may result from, arise out of, are based on, or relate in any way to the facts or claims that were alleged in the Action or Consolidated Class Action Complaint.

160. *Deadlines*. If any of the dates or deadlines specified herein fall on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference(s) to "days" in this Agreement shall refer to calendar days unless otherwise specified.

161. *Gender and Plurals*. As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

162. *Headings*. The headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

163. *Binding Effect*. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

164. *Cooperation of Parties*. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

43

165.    ***Obligation to Meet and Confer***. Before filing any motion with the Court raising a dispute arising out of or related to this Agreement, the Parties shall (1) consult with each other or attempt to do so in good faith, and (2) certify to the Court that they have met and conferred or attempted to do so in good faith in an attempt to resolve the dispute.

166.    ***Integration and No Reliance***. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

167.    ***No Conflict Intended***. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

168.    ***Governing Law***. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Utah, without regard to the principles thereof regarding choice of law.

169.    ***Counterparts***. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted through email of a PDF or DocuSign shall be deemed an original.

170.    ***Jurisdiction***. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be

resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

171.    *Notices*. All notices provided for herein shall be sent by email with a hard copy sent by overnight mail to:

**If to Plaintiffs or Class Counsel**:

Andrew W. Ferich
**AHDOOT & WOLFSON, P.C.**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
aferich@ahdootwolfson.com

Marc H. Edelson
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
medelson@edelson-law.com

Tyler James Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Ave Ste 500
New York, NY 10151
tbean@sirillp.com

**If to Defendants or Defendants' Counsel**:

Max E. Kaplan
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
mkaplan@cozen.com

45

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

172.   ***Modification and Amendment***. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendants' Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

173.   ***No Waiver***. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

174.   ***Authority***. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all the terms and provisions of this Agreement.

175.   ***Agreement Mutually Prepared***. Neither Plaintiffs nor Defendants shall be considered to be the drafters of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

176.   ***Independent Investigation and Decision to Settle***. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and

settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

177.    ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

<u>**AGREED TO BY:**</u>

Signed by:

AED16EA1CD6C48C...

Keeba Council

Date:  5/7/2026

Raymond Delgado Sandoval

Date:

Kimberly Dukes

Date:

Kyle Gannon

Date:

Latise Savoy

Date:

Jeffrey Alonzo Minter

Date:

47

settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

177.    ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

## AGREED TO BY:

| | |
|---|---|
| Keeba Council | Raymond Delgado Sandoval |
| Date: | Date: |

*Kimberly Dukes (May 7, 2026 17:40:13 EDT)*

| | |
|---|---|
| Kimberly Dukes | Kyle Gannon |
| Date: 05/07/2026 | Date: |

*Latise Savoy (May 8, 2026 10:36:12 EDT)*

| | |
|---|---|
| Latise Savoy | Jeffrey Alonzo Minter |
| Date: | Date: |
| 05/08/2026 | |

47

settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

177. ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

<u>**AGREED TO BY:**</u>

_____

Keeba Council

Date:

_____

DocuSigned by:

*Raymond Delgado Sandoval*

4B52F9E7FF0D46E...

Raymond Delgado Sandoval

Date: 5/7/2026

_____

Kimberly Dukes

Date:

_____

Kyle Gannon

Date:

_____

Latise Savoy

Date:

_____

Jeffrey Alonzo Minter

Date:

47

settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

177.   ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

**AGREED TO BY:**

| | |
|---|---|
| _____ | _____ |
| Keeba Council | Raymond Delgado Sandoval |
| Date: | Date: |
| | *Kyle Gannon* |
| _____ | _____ |
| Kimberly Dukes | Kyle Gannon |
| Date: | Date:   05 / 07 / 2026 |
| _____ | _____ |
| Latise Savoy | Jeffrey Alonzo Minter |
| Date: | Date: |

47

Doc ID: b0bc4590844cbe38434cfeae0a91d10b6a41ee61

settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

177.    ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

**AGREED TO BY:**

_____
Keeba Council

Date:

_____
Kimberly Dukes

Date:

_____
Latise Savoy

Date:

_____
Raymond Delgado Sandoval

Date:

_____
Kyle Gannon

Date:

_____
Jeffrey Alonzo Minter

Date: 5/7/2026

47

Docusign Envelope ID: E1F514C5-9CBA-8A15-823A-041B21A22D5E

By: _____

Date: 5/08/2026

Andrew W. Ferich
AHDOOT & WOLFSON PC
201 King of Prussia Road, Suite 650
Radnor, PA 19087
T: 310-474-9111
E: aferich@ahdootwolfson.com

By: _____


DocuSigned by:
*Marc H. Edelson*
F76DE5B06E5F40E...

Date: 5/8/2026

Marc H. Edelson, Esq.
EDELSON LECHTZIN LLP
411 S. State Street, Suite N-300
Newtown, PA 18940
T: 215-867-2399
E: medelson@edelson-law.com
E: lverderame@edelson-law.com

By: _____

Date: 05/08/2026

Tyler Bean
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
T: (212) 532-1091
E: tbean@sirillp.com

*Class Counsel*

By: _____
DocuSigned by:
*Max E. Kaplan*
15320ABCA2DC4BC...

Date: 05/08/26 | 2:30 PM EDT

Max E. Kaplan, Esq.
One Liberty Place
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
T: (215) 665-4682
E: mkaplan@cozen.com

Philip Carroll, Esq.
COZEN O'CONNOR
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
T: 801-326-4011
E: pcarroll@cozen.com

Kris Cherevas, Esq.
COZEN O'CONNOR
501 West Broadway, Suite 1610
San Diego, CA 92101
T: 619-234-1700
E: kcherevas@cozen.com

Brian Browne, Esq.
COZEN O'CONNOR
2001 M. Street, N.W., Suite 500
Washington, D.C. 20036
T: (202) 304-1458
E: bbrowne@cozen.com

*Attorneys for Defendants*

# EXHIBIT A

<table>
<tr><td>

**Must be postmarked or submitted online NO LATER THAN [DATE]**

</td><td>

*FinWise Data Incident*
**SETTLEMENT AMINISTRATOR**
**P.O. BOX XXXX**
**PORTLAND, OR XXXXX-XXXX**
**www.XXXXXXXXX.com**

</td></tr>
</table>

<table>
<tr><td colspan="1">

*Minter v. FinWise Bank et al.*, **Claim Form**

Case No. 2:25-cv-00569-JNP-CMR

</td></tr>
<tr><td>

**GENERAL INFORMATION**

</td></tr>
<tr><td>

If your information was affected by the Data Incident involving FinWise Bank on or about May 31, 2024, you may be entitled to Settlement Class Member Benefits from a Settlement.

**You may submit a Claim Form for Settlement Class Member Benefits, outlined below, by visiting the Settlement Website at www.xxxxxxxxx.com. Claims must be submitted online or postmarked by MONTH DD, 20YY. If you would prefer to submit by mail, please use the return address at the top of this form.** The easiest way to submit a Claim is online at **www.XXXXXXXXX.com**, or you can print out, complete, and mail this entire Claim Form (with any required documentation) to the mailing address above. **Claims must be submitted online or mailed by [DATE].**

</td></tr>
<tr><td>

**SETTLEMENT BENEFITS – WHAT YOU MAY GET**

</td></tr>
<tr><td>

**You may submit a Claim for the following Settlement Class Member Benefits:**

1. **Documented Losses Payment**: You may submit a Claim Form and provide reasonable documentation for losses fairly traceable to the Data Incident for up to $5,000 per Settlement Class Member;

   **OR**

2. **Cash Fund Payment**: Instead of a Documented Losses Payment, without providing documentation, you may submit a Claim Form to receive a *pro rata* (a legal term meaning equal share) Cash Fund Payment;

   **AND**

3. **Credit Monitoring:** In addition to a Documented Losses Payment or Cash Fund Payment, you may also submit a Claim Form to receive two years of three bureau Credit Monitoring services.

   If the total amount of approved Documented Losses Payments exceeds the Net Settlement Fund, there will be no Cash Fund Payments and the Documented Losses Payments will be subject to a *pro rata* (a legal term meaning equal share) decrease.

   \*       \*       \*

   *Please note: the Settlement Administrator may contact you to request additional documents to process your Claim.*

   For more information and complete instructions visit the Settlement Website at **www.XXXXXXXXX.com**

</td></tr>
<tr><td>

**Please note that Settlement Benefits will be distributed after the Settlement is approved by the Court and becomes final.**

</td></tr>
</table>

Questions? Go to **www.XXXXXXXXX.com** or call **1-XXX-XXX-XXXX**

Case 2:25-cv-00569-JNP-CMR    Document 56-2    Filed 05/08/26    PageID.616    Page 56 of 87

## Contact Information

**1. NAME (REQUIRED):**

First Name                                                    MI     Last Name

**2. MAILING ADDRESS (REQUIRED):**

Street Address

Apt. No.

City                                                    State     ZIP Code

**3. PHONE NUMBER:**

**4. EMAIL ADDRESS:**

**5. UNIQUE ID:**

**6. PIN:**

## Credit Monitoring Services

All Settlement Class Members are eligible to claim Credit Monitoring services.

*Please select the checkbox if you want to enroll in Credit Monitoring services for which you are eligible.*

☐ **Credit Monitoring:** I want to receive two years of Credit Monitoring services at the email entered in the above section.

*If you select this option, you will be sent instructions and an activation code to your provided email address listed above after the Settlement is final. Enrollment in this service will not subject you to marketing for additional services or any required payments*

Questions? Go to **www.XXXXXXXXX.com** or call **1-XXX-XXX-XXXX**

Page 2

## Documented Losses Payment

You may submit a Claim Form and provide reasonable documentation for losses fairly traceable to the Data Incident for up to $5000 per Settlement Class Member.

Examples of expenses incurred and that are fairly traceable to the Data Incident include (but are not limited to): (i) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other misuse of your Private Information; (ii) costs incurred on or after May 31, 2024, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Documented Losses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Documentation supporting Documented Losses can include receipts or other documentation not "self-prepared" by you that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

To look up more details about how the Cash Payments work, visit **www.XXXXXXXXX.com** or call toll-free **1-XXX-XXX-XXXX**. Please also review the Notice on the Settlement Website, which provides examples of what documents you need to attach and the types of expenses that can be claimed. *By filling out the boxes below, you are certifying that the money you spent doesn't relate to other data incidents or breaches.*

| Expense Type and Examples of Documents | Amount and Date | Description of Expense or Money Spent and Supporting Documents (Identify what you are attaching, and why it's related to the Incident) |
|---|---|---|
| Professional fees incurred that are fairly traceable to the Data Incident, such as falsified tax returns and account fraud. *Examples: Receipts, notices, or account statements reflecting payment for a credit freeze or unfreezing.* | $ ☐☐☐☐☐ . ☐☐  Date: ☐☐ – ☐☐ – ☐☐☐☐  MM    DD    YYYY | _____ _____ _____ |
| Other losses or costs that are (provide detailed description) fairly traceable to the Data Incident. *Examples: Account statement with unauthorized charges circled; bank fees, and fees for credit reports, credit monitoring, or other identity theft insurance products purchased* | $ ☐☐☐☐☐ . ☐☐  Date: ☐☐ – ☐☐ – ☐☐☐☐  MM    DD    YYYY | _____ _____ _____ |
| Other miscellaneous expenses such as notary, fax, postage, copying, mileage, and/or long-distance telephone charges related to the Data Incident. *Examples: Phone bills, receipts, detailed list of addresses you traveled (i.e. police station, IRS office), reason why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled* | $ ☐☐☐☐☐ . ☐☐  Date: ☐☐ – ☐☐ – ☐☐☐☐  MM    DD    YYYY | _____ _____ _____ |

Questions? Go to **www.XXXXXXXXX.com** or call **1-XXX-XXX-XXXX**

## Cash Fund Payment

Instead of a Documented Losses Payment, without providing documentation, you may submit a Claim Form to receive a *pro rata* (a legal term meaning equal share) cash payment. By checking this box, I give up my right to seek a Documented Losses Payment regardless of whether I submit information to support such payment.

☐    **By checking this box, I affirm I want to receive a Cash Fund Payment.**

## California Statutory Cash Payment

California Settlement Class Members may be entitled to additional relief under the terms of the Settlement, up to two times the Cash Fund Payment. You must have been a resident of California at the time of the Data Incident to be eligible for this payment.

☐    **By checking this box, I affirm I want to receive the California statutory damages payment.**

**ATTESTATION UNDER PENALTY OF PERJURY.**

☐    By checking this box, I affirm that I was a California resident at the time of the Data Incident.

## Payment Election

If your claim is eligible, you will receive payment by check unless you select one of the electronic payment options below and provide the email address **or** phone number associated with your account:

Digital Payment Account

| | ☐ PayPal   ☐ Venmo   ☐ Zelle |
|---|---|
| *Provide the email OR phone number, NOT both, associated with your selected digital payment account.* | |
| Email Address: | |
| Phone Number: | |

## Signature

I attest under penalty of perjury and under the laws of the United States that the information I have supplied in this Claim Form and any copies of documents that I am sending to support my Claim are true and correct to the best of my knowledge.

I understand that I may be asked to provide more information by the Settlement Administrator before my Claim is complete.

| | Date: | | MM | – | | DD | – | | YYYY |
|---|---|---|---|---|---|---|---|---|---|

Signature

Questions? Go to **www.XXXXXXXXX.com** or call **1-XXX-XXX-XXXX**

Print Name

Questions? Go to **www.XXXXXXXXX.com** or call **1-XXX-XXX-XXXX**

Page 5

EXHIBIT B

From: EMAIL ADDRESS
To: EMAIL ADDRESS
Re: FinWise Court Ordered Notice of Class Action Settlement

**Unique ID:  <<UNIQUE ID>>**
**PIN:       <<PIN>>**

United States District Court for the District of Utah
*Minter v. FinWise Bank et al.*

# If your information was affected by the Data Incident involving FinWise Bank on or about May 31, 2024, you may be entitled to Settlement Class Member Benefits from a Settlement.

*A Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

**You can file your Claim Form [here](here).**

A $2,800,000 settlement has been reached in a class action lawsuit against FinWise Bank, FinWise Bancorp, and American First Finance (together, "Defendants") related to a Data Incident experienced by FinWise Bank on or about May 31, 2024, and implicating systems that contained Settlement Class Members' Private Information. Private Information may include, but is not limited to, some combination of Settlement Class Members' full names, dates of birth, Social Security numbers, and customer account numbers. Defendants deny the legal claims in the lawsuit, but have agreed to a settlement.

The purpose of this Notice is to provide information about this Settlement and explain your rights and options.

**Who is Included? Records show you are a member of the Settlement Class**, defined as: all living, natural persons residing in the United States whose Private Information was affected by the Data Incident, including all individuals who were sent a notice of the Data Incident.

**What Does the Settlement Provide?** As a Settlement Class Member, you can submit a Claim Form [here](here) or by mail postmarked by **Month XX, 20YY,** for the following Settlement Class Member Benefits:

- **<u>Documented Losses Payment</u>:** You may submit a Claim Form and provide reasonable documentation for losses fairly traceable to the Data Incident for up to $5,000 per Settlement Class Member;

  **OR**

- **<u>Cash Fund Payment</u>:** Instead of a Documented Losses Payment, without providing documentation, you may submit a Claim Form to receive a *pro rata* (a legal term meaning equal share) cash payment;

  **AND**

- **<u>Credit Monitoring</u>** - In addition to a Documented Losses Payment or Cash Fund Payment,

you may also submit a Claim Form to receive two years of three bureau Credit Monitoring services.

If the total amount of approved Documented Losses Payments exceeds the Net Settlement Fund, there will be no Cash Fund Payments and the Documented Losses Payments will be subject to a *pro rata* (a legal term meaning equal share) decrease.

More information is available in the Settlement Agreement or the Long Form Notice.

**Other Options.** If you do not want to be legally bound by the Settlement, you must submit an opt-out **postmarked** by **Month XX, 20YY**. If you do not opt-out, you will give up the right to sue and will release the Defendants and Released Parties about the legal claims in this lawsuit. If you do not opt-out, you may object to the Settlement Agreement by **Month XX, 20YY**. The Long Form Notice on the Settlement Website explains how to opt-out or object. If you do nothing, you will get no Settlement Class Member Benefits, and you will be bound by the Settlement and any judgments and orders. The Court will hold a Final Approval Hearing on **Month XX, 20YY**, to consider whether to approve the Settlement, Class Counsel's attorneys' fees of up to 1/3 of the Settlement Fund, plus reimbursement of costs, Service Awards, and any objections. You or your lawyer may attend and ask to appear at the hearing, but you are not required to do so.

**This notice is a summary.** Learn more about the Settlement here or call toll free 1-XXX-XXX-XXXX.

EXHIBIT C

# If your information was affected by the Data Incident involving FinWise Bank on or about May 31, 2024, you may be entitled to Settlement Class Member Benefits from a Settlement.

*A Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- A $2,800,000 settlement has been reached in a class action lawsuit against FinWise Bank, FinWise Bancorp, and American First Finance (together, "Defendants") related to a Data Incident experienced by FinWise Bank on or about May 31, 2024, and implicating systems that contained Settlement Class Members' Private Information. Private Information may include, but is not limited to, some combination of Settlement Class Members' full names, dates of birth, Social Security numbers, and customer account numbers.

- The Settlement Class includes: all living, natural persons residing in the United States whose Private Information was affected by the Data Incident, including all individuals who were sent a notice of the Data Incident.

- If you are a member of the Settlement Class, you can submit a Claim Form for the following Settlement Class Member Benefits:

  <u>Documented Losses Payment</u>: You may submit a Claim Form and provide reasonable documentation for losses fairly traceable to the Data Incident for up to $5,000 per Settlement Class Member;
  **OR**
  <u>Cash Fund Payment</u>: Instead of a Documented Losses Payment, without providing documentation, you may submit a Claim Form to receive a *pro rata* (a legal term meaning equal share) Cash Fund Payment;
  **AND**
  <u>Credit Monitoring</u>: In addition to a Documented Losses Payment or Cash Fund Payment, you may also submit a Claim Form to receive two years of three bureau Credit Monitoring services.

  If the total amount of approved Documented Losses Payments exceeds the Net Settlement Fund, there will be no Cash Fund Payments and the Documented Losses Payments will be subject to a *pro rata* (a legal term meaning equal share) decrease.

**This Notice may affect your rights. Please read it carefully.**

| Your Legal Rights & Options | | Deadline |
|---|---|---|
| **Submit a Claim Form** | The only way to get Settlement Class Member Benefits is to submit a timely and valid Claim Form. | Submitted or Postmarked by: **MONTH DD, 20YY** |
| **Exclude Yourself** | Get no Settlement Class Member Benefits. Keep your right to file your own lawsuit against the Released Parties about the Released Claims that are released by the Settlement in this lawsuit. | Postmarked by: **MONTH DD, 20YY** |
| **Object to the Settlement** | Stay in the Settlement but tell the Court why you do not agree with the Settlement. You will still be bound by the Settlement if the Court approves it. | Postmarked by: **MONTH DD, 20YY** |
| **Do Nothing** | Get no Settlement Class Member Benefits. Give up your legal rights. | |

- These rights and options**—and the deadlines to exercise them**—are explained in this Notice.
- The Court must decide whether to approve the Settlement, attorneys' fees, costs, and Service Awards. No Settlement Class Member Benefits will be provided unless the Court approves the Settlement.

## BASIC INFORMATION

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

## 1. Why is this Notice being provided?

A court authorized this Notice because you have the right to know about the settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval to the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what Settlement Class Member Benefits are available, who is eligible for the Settlement Class Member Benefits, and how to get them.

The Honorable Jill N. Parish of the United States District Court for the District of Utah is overseeing this class action. The lawsuit is known as *Minter v. FinWise Bank et al.*, Case No. 2:25-cv-00569-JNP-CMR ("lawsuit"). The individuals who filed this lawsuit are called the "Plaintiffs" and/or "Class Representatives" and the companies sued, FinWise Bank, FinWise Bancorp, and American First Finance, are called the "Defendants."

## 2. What is this lawsuit about?

The Plaintiffs filed this lawsuit against the Defendants on behalf of themselves and all others similarly situated related to a Data Incident experienced by FinWise Bank on or about May 31, 2024, and implicating systems that contained Settlement Class Members' Private Information. Private Information includes, but is not limited to, some combination of Settlement Class Members' full names, dates of birth, Social Security numbers, and customer account numbers.

Defendants deny the legal claims and deny any wrongdoing or liability. The Court has not made any determination of any wrongdoing by Defendants, or that any law has been violated. Instead, the Plaintiffs and Defendants have agreed to a settlement to avoid the risk, cost, and time of continuing the lawsuit.

## 3. Why is there a Settlement?

The Plaintiffs and Defendants do not agree about the legal claims made in this lawsuit. The lawsuit has not gone to trial, and the Court has not decided in favor of the Plaintiffs or Defendants. Instead, the Plaintiffs and Defendants have agreed to settle the lawsuit. The Class Representatives, Defendants, and their lawyers believe the Settlement is best for the Settlement Class because of the Settlement Class Member Benefits available and the risks and uncertainty associated with continuing the lawsuit.

## 4. Why is this lawsuit a class action?

In a class action, one or more people (called class representatives) sue on behalf of all people who have similar legal claims. Together, all these people are called a class or class members. One court resolves the issues for all class members, except for those class members who timely exclude themselves (opt-out) from the class.

## WHO IS INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am included in the Settlement?

You are included in the Settlement Class if you are a living, natural person residing in the United States whose Private Information was affected by the Data Incident, including all individuals who were sent a notice of the Data Incident.

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

## 6.  Are there exceptions to being included in the Settlement?

Yes. Excluded from the Settlement Class are: (1) Defendants, and any entity in which Defendants have a controlling interest, and Defendants' parents, successors, subsidiaries, affiliates, and assigns; (2) any judge, justice, or judicial officer presiding over this lawsuit, and the members of their immediate families and judicial staff; (3) any persons who have released claims relating to the lawsuit; and (4) all Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

## 7.  What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Settlement Class Member, you may go to www.XXXXXXXXXX.com or call toll-free 1-XXX-XXX-XXXX.

# THE SETTLEMENT BENEFITS

## 8.  What does this Settlement provide?

If you are a Settlement Class Member, you can submit a Claim Form for the following Settlement Class Member Benefits:

**Documented Losses Payment**

You may submit a Claim Form and provide reasonable documentation for losses fairly traceable to the Data Incident for up to $5,000 per Settlement Class Member.

Examples of expenses incurred and that are fairly traceable to the Data Incident include (but are not limited to): (i) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other misuse of your Private Information; (ii) costs incurred on or after May 31, 2024, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Documented Losses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Documentation supporting Documented Losses can include receipts or other documentation not "self-prepared" by you that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

You will not be reimbursed for expenses if you have been reimbursed for the same expenses by another source, including compensation provided in connection with the identity protection and credit monitoring services offered as part of the notification letter provided by FinWise or otherwise.

**Cash Fund Payment**

Instead of a Documented Losses Payment, without providing documentation, you may submit a Claim Form to receive a *pro rata* (a legal term meaning equal share) Cash Fund Payment.

California Settlement Class Members may be entitled to additional relief under the terms of the Settlement, up to two times the Cash Fund Payment. You must have been resident of California at the time of the Data Incident to be eligible for this payment.

The Settlement Fund will be used to make payments for: (i) Administrative Costs; (ii) any Fee and Costs Award, (iii) any Service Awards, (iv) escrow fees, and (v) Taxes and Tax-Related Expenses.

Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX

3

The remaining amount is called the Net Settlement Fund. The Settlement Administrator must distribute the funds in the Net Settlement Fund first for payment of Credit Monitoring and then for Documented Losses Payments. The remaining Net Settlement Fund amount will be used to make Cash Fund Payments.

If the total amount of approved Documented Losses Payments exceeds the Net Settlement Fund, there will be no Cash Fund Payments and the Documented Losses Payments will be subject to a *pro rata* (a legal term meaning equal share) decrease.

### Credit Monitoring

In addition to a Documented Losses Payment or Cash Fund Payment, you may also submit a Claim Form to receive two years of three bureau Credit Monitoring services. If you choose to receive Credit Monitoring services, you must select "Credit Monitoring" on the Claim Form provided, complete the Claim Form and return it to the Settlement Administrator by the Claim Deadline [insert date].

**9. What am I giving up to receive Settlement Class Member Benefits or stay in the Settlement Class?**

Unless you exclude yourself (opt-out), you will remain in the Settlement Class. If the Settlement is approved and becomes final, all Court orders and any judgments will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against the Released Parties about the Released Claims in this lawsuit. The specific rights you are giving up are called "Released Claims."

**10. What are the Released Claims?**

Section XII of the Settlement Agreement describes the Releases, Released Claims, and Released Parties, in necessary legal terminology, so please read this section carefully. The Settlement Agreement is available at www.XXXXXXXXXX.com. For questions regarding the Releases, Released Claims, or Released Parties and what the language in the Settlement Agreement means, you can also contact Class Counsel listed below for free, or you can talk to your own lawyer at your own expense.

## HOW TO GET BENEFITS FROM THE SETTLEMENT

**11. How do I submit a Claim Form?**

You must submit a timely and valid Claim Form to receive any Settlement Class Member Benefits as described above. Your Claim Form must be submitted online at www.XXXXXXXX.com by **MONTH DD, 20YY**, or mailed to the Settlement Administrator at the address on the Claim Form, **postmarked** by **Month DD, 20YY**. Claim Forms are also available at www.XXXXXXXX.com, by calling 1-XXX-XXX-XXXX, or by writing to:

*FinWise Data Incident*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

Please note per the United States Postal Service, mail may *not* be postmarked the day it is deposited in a mailbox or at a local post office. Postmarks occur when mail reaches a processing facility. To meet a postmark deadline, **mail at least a week prior to a postmark deadline**, get a manual postmark in-person at any post office, or send via Certified Mail.

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

## 12. What happens if my contact information changes after I submit a Claim Form?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by writing to:

*FinWise Data Incident*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

## 13. When will I receive my Settlement Class Member Benefits?

If you file a timely and valid Claim Form, the Settlement Class Member Benefits will be provided after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.XXXXXXXXXX.com for updates.

# EXCLUDE YOURSELF OR OPT-OUT OF THE SETTLEMENT

If you are a member of the Settlement Class and want to keep any right you may have to sue or continue to sue the Released Parties on your own about the legal claims in this lawsuit or the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from— or "opting-out" of—the Settlement.

## 14. How do I opt-out of the Settlement?

To exclude yourself from the Settlement, you must mail a written request for exclusion, which includes the following:

1) Your full legal name, address, telephone number, and email address;
2) The identity of your lawyer, if represented;
3) Your handwritten or electronically imaged written signature; and
4) A statement that you want to be excluded from the Settlement Class, such as "I hereby request to be excluded from the Settlement Class in the *FinWise Data Incident*."

The exclusion request must be **mailed** to the Settlement Administrator at the following address, and be **postmarked** by **MONTH DD, 20YY**:

*FinWise Data Incident*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**You cannot opt-out (exclude yourself) by telephone or by email.**

"Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members where the opt-out has not been signed by each and every individual Settlement Class Member will not be allowed.

Please note per the United States Postal Service, mail may *not* be postmarked the day it is deposited in a mailbox or at a local post office. Postmarks occur when mail reaches a processing facility. To

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

meet a postmark deadline, **mail at least a week prior to a postmark deadline**, get a manual postmark in-person at any post office, or send via Certified Mail.

## 15. If I opt-out can I still get anything from the Settlement?

No. If you opt-out, you will not be able to receive Settlement Class Member Benefits, and you will not be bound by the Settlement or any judgments in this lawsuit. You can only get Settlement Class Member Benefits if you stay in the Settlement and submit a timely and valid Claim Form.

## 16. If I do not opt-out, can I sue the Defendants for the same thing later?

No. Unless you opt-out, you give up any right to sue any of the Released Parties for the legal claims this Settlement resolves and Releases, and you will be bound by all the terms of the Settlement, proceedings, orders, and judgments in the lawsuit. You must opt-out of this lawsuit to start or continue your own lawsuit or be part of any other lawsuit against the Released Parties about the Released Claims in this Settlement. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.

# OBJECTING TO THE SETTLEMENT

## 17. How do I tell the Court I do not like the Settlement?

If you are a Settlement Class Member, you can tell the Court you do not agree with all or any part of the Settlement, Application for Attorneys' Fees and Costs, and/or Service Awards.

To object, you must mail your timely written objection by U.S. mail to the Settlement Administrator postmarked by or shipped by private courier (such as Federal Express) by **MONTH DD, 20YY**, stating you object to the Settlement in *Minter v. FinWise Bank et al.*, Case No. 2:25-cv-00569-JNP-CMR.

To submit an objection, you cannot exclude yourself from the Settlement Class. Your objection must include all of the following information:

1) The case name - *Minter v. FinWise Bank et al.*;
2) Your full name, mailing address, telephone number, and email address (if any);
3) All grounds for the objection, accompanied by any legal support for the objection known to you as the objector or your own lawyer;
4) A statement of whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class;
5) The identity of all lawyers who represent you as the objector, including any former or current lawyers who may be entitled to compensation for any reason related to the objection to the Settlement, Application for Attorneys' Fees and Costs, and Service Awards;
6) A statement of whether you or your lawyer intend to appear and/or testify at the Final Approval Hearing;
7) A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);
8) The number of times you, your lawyer, or your lawyer's law firm have objected to a class action settlement within the five (5) years preceding the date of the objection, the caption of each case in which the objection was made, and a copy of any orders related to or ruling upon the prior objections that were issued by the trial and appellate courts in each listed case;

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

6

9) Your handwritten or electronically imaged signature as the objector (a lawyer's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct expedited, limited discovery on any objector or objector's lawyer.

To object, you must submit your timely written objection by U.S. mail to the Settlement Administrator postmarked by or shipped by private courier (such as Federal Express) by **MONTH DD, 20YY**, at the following address:

*FinWise Data Incident*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

Please note per the United States Postal Service, mail may *not* be postmarked the day it is deposited in a mailbox or at a local post office. Postmarks occur when mail reaches a processing facility. To meet a postmark deadline, **mail at least a week prior to a postmark deadline**, get a manual postmark in-person at any post office, or send via Certified Mail.

## 18. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Opting-out is telling the Court that you do not want to be part of the Settlement Class. If you opt-out, you cannot object because you are no longer part of the Settlement.

# THE LAWYERS REPRESENTING YOU

## 19. Do I have a lawyer in the lawsuit?

Yes. The Court has appointed Andrew W. Ferich of Ahdoot & Wolfson, P.C., Marc H. Edelson of Edelson Lechtzin LLP and Tyler J. Bean of Siri & Glimstad LLP as Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost if you want someone other than Class Counsel to represent you in this lawsuit.

## 20. How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award attorneys' fees of up to 1/3 of the Settlement Fund, plus reimbursement of costs. Class Counsel will also ask the Court to approve the Service Awards for the Class Representatives of up to $2,500 each for their efforts. If awarded by the Court, the attorneys' fees and costs, and the Service Awards will be paid from the Settlement Fund. The Court may award less than these amounts.

# THE FINAL APPROVAL HEARING

The Court will hold a "Final Approval Hearing" to decide whether to approve the Settlement and Application for Attorneys' Fees, Costs, and Service Awards. You may attend and you may ask to speak if you file an objection by the deadline, but you do not have to.

## 21. When and where will the Court decide whether to approve the Settlement?

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

The Court will hold a Final Approval Hearing on **MONTH DD, 20YY, at XX:XX a.m./p.m.** before the Honorable Jill N. Parish at U.S. District Courthouse, 351 SW Temple Street, Salt Lake City, UT 84101. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve the Settlement and Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

If there are objections that were submitted by the deadline, the Court will consider them. If you submit a timely objection, and you (or your lawyer) ask to speak at the hearing, the Court, at its discretion, may hear objections at the hearing.

**Note:** The date and time of the Final Approval Hearing are subject to change without further notice to the Settlement Class. The Court may also decide to hold the hearing via video conference or by telephone. You should check the Settlement Website www.XXXXXXXXX.com to confirm the date and time of the Final Approval Hearing have not changed.

## 22. Do I have to attend the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you submit an objection, you do not have to attend the Final Approval Hearing to speak about it. As long as you submit your written objection by the deadline, the Court will consider it.

## 23. May I speak at the Final Approval Hearing?

If there are timely objections submitted by the deadline, the Court will consider them. If you submit a timely objection, and you (or your lawyer) ask to speak at the hearing, the Court, at its discretion, may hear objections at the hearing.

# GET MORE INFORMATION

## 24. How do I get more information about the Settlement?

This Notice summarizes the Settlement. Complete details about the Settlement are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.XXXXXXXXXXX.com. You may get additional information at www.XXXXXXXXXXX.com, by calling toll-free 1-XXX-XXX-XXXX, or by writing to:

*FinWise Data Incident*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

8

# EXHIBIT D

Fin Wise Data Incident
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

BARCODE
NO-PRINT
ZONE

FIRST CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO.xxxx

Court-Approved Legal Notice

*Minter v. FinWise Bank et al*., Case No. 2:25-cv-00569-JNP-CMR , United States District Court for the District of Utah

**If your Private Information was affected by the Data Incident involving FinWise Bank, FinWise Bancorp and American First Finance on or about May 31, 2024, you may be entitled to Settlement Class Member Benefits from a Settlement.**

*A Court has authorized this notice. This is **not** a solicitation from a lawyer.*

www.XXXXXXXXXXX.com
1-XXX-XXX-XXXX

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

A $2,500,000 Settlement has been reached in a class action lawsuit against FinWise Bank, FinWise Bancorp, and American First Finance, (together, "Defendants") related to a Data Incident experienced by FinWise Bank and FinWise Bancorp on or about May 31, 2024, and implicating systems that contained Settlement Class Members' Private Information. Private Information includes, but is not limited to, some combination of Settlement Class Members' full names, dates of birth, Social Security numbers, and customer account numbers.

**Who is Included?** Records show you are a member of the Settlement Class, defined as: all living, natural persons residing in the United States whose Private Information was affected by the Data Incident, including all individuals who were sent a notice of the Data Incident.

**What does the Settlement Provide?** As a Settlement Class Member, you can submit a Claim Form online or by mail postmarked by **Month XX, 20YY,** for the following Settlement Class Member Benefits:

**Documented Losses Payment:** You may submit a Claim Form and provide reasonable documentation for losses fairly traceable to the Data Incident for up to $5,000 per Settlement Class Member;
**OR**
**Cash Fund Payment:** Instead of a Documented Losses Payment, without providing documentation, you may submit a Claim Form to receive a *pro rata* (a legal term meaning equal share) Cash Fund Payment;
**AND**
**Credit Monitoring:** In addition to a Documented Losses Payment or Cash Fund Payment, you may also submit a Claim Form to receive two years of three bureau Credit Monitoring services.

If the total amount of approved Documented Losses Payments exceeds the Net Settlement Fund, there will be no Cash Fund Payments and the Documented Losses Payments will be subject to a *pro rata* (a legal term meaning equal share) decrease.

**Other Options**. If you do not want to be legally bound by the Settlement, you must submit an opt-out **postmarked** by **Month XX, 20YY**. If you do not opt-out, you will give up the right to sue and will release the Defendants and Released Parties about the legal claims in this lawsuit. If you do not opt-out, you may object to the Settlement Agreement by **Month XX, 20YY**. The Long Form Notice on the Settlement Website explains how to opt-out or object. If you do nothing, you will get no Settlement Class Member Benefits, and you will be bound by the Settlement and any judgments and orders. The Court will hold a Final Approval Hearing on **Month XX, 20YY**, to consider whether to approve the Settlement, Class Counsel's attorneys' fees up to 1/3 of the Settlement Fund, plus reimbursement of costs, Service Awards, and any objections. You or your lawyer may appear at the hearing, but you are not required to do so.

**This notice is a summary. Learn more about the Settlement** at www.XXXXX.com, or by calling toll free 1-XXX-XXX-XXX.

## CLAIM FORM

**Claims must be postmarked or submitted online by Month Day, 20YY.**

*First Name:

*MI:    *Last Name:

*Address:

*City:    *State:    *ZIP Code:

**Documented Losses Payment:** If you are a Settlement Class Member, you may submit a Claim Form and provide reasonable documentation for losses fairly traceable to the Data Incident for up to $5,000 per Settlement Class Member. To file a Claim Form for Documented Losses Payment, you must visit the Settlement Website and follow the instructions on the Claim Form. You can also download a paper Claim Form and file by mail.

**Cash Fund Payment**: Instead of a Documented Losses Payment, without providing documentation, you may submit a Claim Form to receive a *pro rata* (a legal term meaning equal share) Cash Fund Payment.
If the total amount of approved Documented Losses Payments exceeds the Net Settlement Fund, there will be no Cash Fund Payments and the Documented Losses Payments will be subject to a *pro rata* (a legal term meaning equal share) decrease.

☐ By checking this box, I affirm I want to receive the Cash Fund Payment.
☐ By checking this box, I affirm that I am a California resident at the at the time of the Data Incident.

**Credit Monitoring:** In addition to a Documented Losses Payment or Cash Fund Payment, you may also submit a Claim Form to receive two years of three bureau Credit Monitoring services.

☐ By checking this box, I affirm I want to receive two years of three bureau Credit Monitoring.

**By signing my name, I swear and affirm I am completing this Claim Form to the best of my personal knowledge.**

**Signature:**    **Date:**

BARCODE
NO-PRINT
ZONE

PLACE
STAMP
HERE

FinWise Data Incident
Settlement Administrator
PO Box XXXX
Portland, OR 97xxx-xxxx

EXHIBIT E

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY ALONZO MINTER, KYLE GANNON, LATISE SAVOY, KEEBA COUCIL, RAYMOND DELGADO SANDOVAL, KIMBERLY DUKES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FINWISE BANK, FINWISE BANCORP, and AMERICAN FIRST FINANCE<br><br>Defendants. | Case No.: 2:25-cv-00569-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement (the "Motion"). Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendants Finwise Bank, FinWise Bancorp, and American First Finance ("Defendants") have entered into a Settlement Agreement (also referred to herein as the "Settlement") that settles the above-captioned Action.

On or about May 31, 2024, Defendants FinWise Bank experienced a data incident involving systems that contained information about certain customers and other individuals (the "Data Incident"). On or about July 29, 2025, FinWise Bank began notifying individuals, including Plaintiffs and Settlement Class Members, that their information was involved in the Data Incident. Lawsuits were subsequently filed against FinWise Bank, along with FinWise Bancorp (together

with Finwise Bank, "Finwise") and American First Finance ("AFF"; collectively, "Defendants"), in the United States District Court for the District of Utah.

Thereafter, all related actions were transferred and/or consolidated into one Action before Judge Jill N. Parrish in the United States District Court for the District of Utah, styled *Minter v. FinWise Bank et al.*, Case No. 2:25-cv-00569-JNP-CMR, and Interim Co-Lead Class Counsel subsequently were appointed. [ECF Nos. 36, 37]. Plaintiffs filed their Consolidated Class Action Complaint against Defendants on November 17, 2025, asserting various common law and statutory causes of action [ECF No. 41]. The Parties attended an in-person, private mediation on March 17, 2026, in Philadelphia, Pennsylvania, with the Honorable Diane M. Welsh (Ret.) of JAMS, and while a settlement was not reached at mediation, following numerous days of additional negotiations, the Parties reached a settlement in principle to resolve this Action.

WHEREAS, Plaintiffs, on behalf of the proposed Settlement Class Members, having made an unopposed motion for an order preliminarily approving a settlement in accordance with the Settlement Agreement filed on May 8, 2026 and attached as **Exhibit 1** to the Motion, which, together with the Exhibits attached thereto, set forth the terms and conditions for the proposed Settlement;

WHEREAS, the Court, having read and considered the Settlement Agreement and the exhibits attached thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the Settlement set forth therein as fair, reasonable, and adequate, subject to further

consideration at the Final Approval Hearing described below.

2.    Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) and for purposes of this Settlement only, the Court grants provisional certification to the following Settlement Class:

> **The Settlement Class**: All living, natural persons residing in the United States whose Private Information was affected by the Data Incident, including all individuals who were sent a notice of the Data Incident.

Excluded from the Settlement Class are (1) Defendants, and any entity in which Defendants have a controlling interest, and Defendants' parents, successors, subsidiaries, affiliates, and assigns; (2) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (3) any persons who have released claims relating to the Action; and (4) all Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. The Settlement Class may include as many as 668,000 individuals—each, a Settlement Class Member.

3.    The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4.    For the purposes of the Settlement only, Plaintiffs Keeba Council, Raymond Delgado Sandoval, Kyle Gannon, Latise Savoy, Jeffrey Alonzo Minter, and Kimberly Dukes are certified as the Class Representatives.

5.    The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel under Federal Rule of Civil Procedure 23(a)(4): Andrew W. Ferich of Ahdoot & Wolfson, P.C., Marc H. Edelson of Edelson Lechtzin, LLP, and Tyler J. Bean of Siri & Glimstad LLP.

6.    The Court preliminarily finds that the proposed Settlement should be approved as: (a) the result of serious and extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed settlement to Settlement Class Members and further consideration of the settlement at the Final Approval Hearing described below.

7.    The Final Approval Hearing shall be held before this Court on _____ _____, 2026 at _____ . at the Orin G. Hatch United States District Court, District of Utah, 351 South West Temple, Salt Lake City, Utah 84101. At this hearing, the Court will determine: (a) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether the [Proposed] Final Approval Order as provided under the Settlement Agreement should be entered; (c) whether the Settlement Class should be finally certified for purposes of the Settlement; (d) whether Plaintiffs and proposed Class Counsel should be finally appointed as Class Representatives and Class Counsel; (e) the amount of attorneys' Fee and Costs Award that should be awarded to Class Counsel; and (f) any Service Awards to the Class Representatives that should be awarded. The Court will also hear any objections by Settlement

4

Class Members to (a) the Settlement; (b) the Fend Costs Award to Class Counsel; (c) Service Awards to the Class Representatives, as well as consider such other matters the Court deems appropriate.

8.      The Court approves, as to form and content, the use of the Claim Form in a form substantially similar to those attached as **Exhibit A** to the Settlement Agreement;

9.      The Court approves as to form and content the Long Form Notice to be posted on the Settlement Website and shall be available to Settlement Class members by mail upon request to the Settlement Administrator attached as **Exhibit C** to the Settlement Agreement.

9.      The Court approves as to form and content, the Email Notice and Postcard Notice, substantially similar to those attached as **Exhibits B and D** to the Settlement Agreement.

10.     The Court finds that the mailing and distribution of the Class Notice substantially in the manner and form set forth in the Settlement Agreement, attached as **Exhibit 1** to the Motion: (a) constitute the best Notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient Notice to all persons entitled to receive such Notice; and (d) satisfies all applicable requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), the Due Process Clauses under the United States Constitution, the Rules of this Court, and other applicable laws.

11.     Epiq Class Action & Claims Solutions, Inc. is hereby appointed as the Settlement Administrator, to supervise and administer the Notice Program, as well as the processing of Claims as more fully set forth below.

12.     No later than 30 days after entry of the Preliminary Approval Order (the "Notice

5

Completion Deadline"), the Settlement Administrator will notify Settlement Class Members of the settlement with the Email and Postcard Notices, substantially similar to the forms attached to the Settlement Agreement as **Exhibits B and D**, by U.S. mail or email to all Settlement Class Members to whom Defendants previously mailed notice of the Data Incident. The Settlement Administrator will establish and maintain a Settlement Website throughout the Claim Deadline, which will contain the Long Form Notice and the Claim Form to either submit online or download and mail to the Settlement Administrator before the Claims Deadline. The Settlement Administrator will also maintain a toll-free telephone number and P.O. Box through which Settlement Class Members can seek additional information regarding the Settlement.

13.     Settlement Class Members who wish to submit a Claim in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. Any such claim must be postmarked or submitted electronically no later than 90 days from the Notice Date to submit a Claim.

14.     The Claim Forms submitted by each Settlement Class Member must: (a) be properly completed, signed, and submitted in a timely manner in accordance with the preceding paragraph; (b) be accompanied by adequate supporting documentation, as required by and as specified in the Settlement Agreement; and (c) be complete and contain no deletions or modifications of any of the printed matter contained therein.

15.     Any Settlement Class Member who files a Claim Form shall reasonably cooperate with the Settlement Administrator, including by promptly responding to any inquiry made by the Settlement Administrator, if applicable. Any Settlement Class Member who does not timely submit a Claim Form within the time provided in the Settlement Agreement (except those Settlement Class Members who opt-out) are barred from receiving any benefits under the Settlement Agreement

6

and shall be bound by the Settlement Agreement, the Final Approval Order, and the Releases therein, unless otherwise ordered by the Court.

16.    Settlement Class Members will have no later than 60 days from the Notice Date is issued to decide whether to exclude themselves from the Settlement. Any Settlement Class Member wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the Settlement Administrator at the address provided in the Notice. A written opt-out notice must contain: (i) the Settlement Class Member's full legal name; (ii) the Settlement Class Member's address, telephone number, and email address; (iii) the identity of the Settlement Class Member's counsel, if represented; (iv) a handwritten or electronically imaged written signature of the Settlement Class Member; and (v) a statement clearly indicating the individual wishes to be excluded from the Settlement Class for the purposes of the Settlement. Requests for exclusion furthermore must be made on an individual basis and request exclusion only for that one individual whose personal signature appears on the request; "mass," "class," or other purported group opt outs, or opt outs signed by counsel, are not permitted and are not effective. To be effective, a written opt-out notice must be postmarked no later than 60 days from the Notice Date. Settlement Class Members who exclude themselves from the Settlement shall not be eligible to receive any benefits of and/or be bound by the terms of the Settlement Agreement.

17.    Any Settlement Class Member may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to object to the Settlement. No Settlement Class Member will be heard, and no papers submitted by any Settlement Class Member will be considered, unless, no later than 60 days from the Notice Date, the Settlement Class Member files with the Court and mails to Class Counsel and Defendants' counsel written objections that include: (a) the name of the proceedings; (b) the objector's full name, mailing address, telephone number,

and email address (if any); (c) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (d) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; (f) a statement of whether the objector and/or his/her attorney(s) intend to appear and/or testify at the Final Approval Hearing; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (h) the number of times the objector, the objector's counsel and/or counsel's law firm has objected to a class action settlement within the 5 years preceding the date of the objection, the caption of each case in which the objection was made, and a copy of any orders related to or ruling upon the prior objections that were issued by the trial and appellate courts in each listed case; and (i) a handwritten or electronically imaged written signature of the objector (an attorney's signature is not sufficient). Any Settlement Class Member who fails to object in this manner will be deemed to have waived and forfeited any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit.

18.    All opening briefs and documents in support of any application by Plaintiffs and proposed Class Counsel for Service Awards to Class Representatives and attorneys' Fee and Costs Award shall be filed and served by no later than 14 days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement. Plaintiffs shall file a Motion for Final Approval of the Class Action Settlement no later than 14 days prior to the Final Approval Hearing.

8

19.     At or after the Final Approval Hearing, the Court shall determine whether any applications for the Service Awards and an attorneys' Fee and Costs Award should be approved. The Court reserves the right to enter a Final Approval Order approving the Settlement regardless of whether it has granted same.

20.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement, shall be the responsibility of Defendants and come out of the established Settlement Fund, as set forth in the Settlement Agreement.

21.     Neither this Preliminary Approval Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

22.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties to the Settlement Agreement, if appropriate, without further notice to the Settlement Class.

23.     If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the Settlement Agreement status quo ante.

24.     Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. The Court retains continuing and exclusive jurisdiction

9

over the implementation, enforcement, and administration of the Settlement and this Preliminary Approval Order.

 IT IS SO ORDERED.

Date: _____

       _____
       Hon. Jill N. Parish
       United States District Judge