**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| JEFFREY ALONZO MINTER, KYLE GANNON, LATISE SAVOY, KEEBA COUCIL, RAYMOND DELGADO SANDOVAL, and KIMBERLY DUKES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>**v.**<br><br>FINWISE BANK, FINWISE BANCORP, and AMERICAN FIRST FINANCE,<br><br>Defendants. | ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Case No.: 2:25-cv-00569-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

Before the Court is the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement. [ECF No. 56]. The motion is GRANTED.

On or about May 31, 2024, defendant FinWise Bank experienced a data incident involving systems that contained information about certain customers and other individuals (the "Data Incident"). On or about July 29, 2025, FinWise Bank began notifying individuals, including Plaintiffs and Settlement Class Members, that their information was involved in the Data Incident. Lawsuits were subsequently filed against FinWise Bank, along with FinWise Bancorp and American First Finance (collectively, "Defendants"), in the United States District Court for the District of Utah.

Thereafter, all related actions were transferred and/or consolidated into one Action before Judge Jill N. Parrish in the United States District Court for the District of Utah, styled *Minter v.*

*FinWise Bank et al.*, Case No. 2:25-cv-00569-JNP-CMR, and Interim Co-Lead Class Counsel subsequently were appointed. [ECF Nos. 36, 37]. Plaintiffs filed their Consolidated Class Action Complaint against Defendants on November 17, 2025, asserting various common law and statutory causes of action [ECF No. 41]. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendants FinWise Bank, FinWise Bancorp, and American First Finance entered into a Settlement Agreement (also referred to herein as the "Settlement") resolving this lawsuit. Plaintiffs filed the instant unopposed motion for preliminary approval of the Settlement.

IT IS HEREBY ORDERED:

1. The Court preliminarily approves the Settlement, subject to further consideration at the Final Approval Hearing described below.

2. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) and for purposes of this Settlement only, the Court grants provisional certification to the following Settlement Class:

> **The Settlement Class**: All living, natural persons residing in the United States whose Private Information was affected by the Data Incident, including all individuals who were sent a notice of the Data Incident.

Excluded from the Settlement Class are (1) Defendants, and any entity in which Defendants have a controlling interest, and Defendants' parents, successors, subsidiaries, affiliates, and assigns; (2) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (3) any persons who have released claims relating to the Action; and (4) all Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. The Settlement Class may include as many as 668,000 individuals—each, a Settlement Class Member.

3. The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b)

there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4. For the purposes of the Settlement only, Plaintiffs Keeba Council, Raymond Delgado Sandoval, Kyle Gannon, Latise Savoy, Jeffrey Alonzo Minter, and Kimberly Dukes are certified as the Class Representatives.

5. The Court provisionally designates the following counsel as Settlement Class Counsel under Federal Rule of Civil Procedure 23(a)(4): Andrew W. Ferich of Ahdoot & Wolfson, P.C., Marc H. Edelson of Edelson Lechtzin, LLP, and Tyler J. Bean of Siri & Glimstad LLP.

6. The Court preliminarily finds that the proposed Settlement should be approved as: (a) the result of serious and extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed settlement to Settlement Class Members and further consideration of the settlement at the Final Approval Hearing described below.

7. The Final Approval Hearing shall be held before this Court on December 10, 2026 at 10:00 a.m. Mountain Time at the Orin G. Hatch United States District Court, District of Utah, 351 South West Temple, Salt Lake City, Utah 84101. At this hearing, the Court will determine: (a)

whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether the Proposed Final Approval Order as provided under the Settlement Agreement should be entered; (c) whether the Settlement Class should be finally certified for purposes of the Settlement; (d) whether Plaintiffs and proposed Class Counsel should be finally appointed as Class Representatives and Class Counsel; (e) the amount of attorneys' Fee and Costs Award that should be awarded to Class Counsel; and (f) any Service Awards to the Class Representatives that should be awarded. The Court will also hear any objections by Settlement Class Members to (a) the Settlement; (b) the Fend Costs Award to Class Counsel; (c) Service Awards to the Class Representatives, as well as consider such other matters the Court deems appropriate.

8. The Court approves, as to form and content, the use of the Claim Form in a form substantially similar to those attached as **Exhibit A** to the Settlement Agreement;

9. The Court approves as to form and content the Long Form Notice to be posted on the Settlement Website and shall be available to Settlement Class members by mail upon request to the Settlement Administrator attached as **Exhibit C** to the Settlement Agreement.

10. The Court approves as to form and content, the Email Notice and Postcard Notice, substantially similar to those attached as **Exhibits B and D** to the Settlement Agreement.

11. The Court finds that the mailing and distribution of the Class Notice substantially in the manner and form set forth in the Settlement Agreement, attached as **Exhibit 1** to the Motion: (a) constitute the best Notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Settlement Class Members of their

right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient Notice to all persons entitled to receive such Notice; and (d) satisfies all applicable requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), the Due Process Clauses under the United States Constitution, the Rules of this Court, and other applicable laws.

12. Epiq Class Action & Claims Solutions, Inc. is hereby appointed as the Settlement Administrator, to supervise and administer the Notice Program, as well as the processing of Claims as more fully set forth below.

13. No later than 30 days after entry of the Preliminary Approval Order (the "Notice Completion Deadline"), the Settlement Administrator will notify Settlement Class Members of the settlement with the Email and Postcard Notices, substantially similar to the forms attached to the Settlement Agreement as **Exhibits B and D**, by U.S. mail or email to all Settlement Class Members to whom Defendants previously mailed notice of the Data Incident. The Settlement Administrator will establish and maintain a Settlement Website throughout the Claim Deadline, which will contain the Long Form Notice and the Claim Form to either submit online or download and mail to the Settlement Administrator before the Claims Deadline. The Settlement Administrator will also maintain a toll-free telephone number and P.O. Box through which Settlement Class Members can seek additional information regarding the Settlement.

14. Settlement Class Members who wish to submit a Claim in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. Any such claim must be postmarked or submitted electronically no later than 90 days from the Notice Date to submit a Claim.

15. The Claim Forms submitted by each Settlement Class Member must: (a) be properly completed, signed, and submitted in a timely manner in accordance with the preceding

paragraph; (b) be accompanied by adequate supporting documentation, as required by and as specified in the Settlement Agreement; and (c) be complete and contain no deletions or modifications of any of the printed matter contained therein.

16. Any Settlement Class Member who does not timely submit a Claim Form within the time provided in the Settlement Agreement (except those Settlement Class Members who opt-out) are barred from receiving any benefits under the Settlement Agreement and shall be bound by the Settlement Agreement, the Final Approval Order, and the Releases therein, unless otherwise ordered by the Court.

17. Settlement Class Members will have no later than 60 days from the Notice Date is issued to decide whether to exclude themselves from the Settlement. Any Settlement Class Member wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the Settlement Administrator at the address provided in the Notice. A written opt-out notice must contain: (i) the Settlement Class Member's full legal name; (ii) the Settlement Class Member's address, telephone number, and email address; (iii) a handwritten or electronically imaged written signature of the Settlement Class Member; and (iv) a statement clearly indicating the individual wishes to be excluded from the Settlement Class for the purposes of the Settlement. Requests for exclusion furthermore must be made on an individual basis and request exclusion only for that one individual whose personal signature appears on the request; "mass," "class," or other purported group opt outs, or opt outs signed by counsel, are not permitted and are not effective. To be effective, a written opt-out notice must be postmarked no later than 60 days from the Notice Date. Settlement Class Members who exclude themselves from the Settlement shall not be eligible to receive any benefits of or be bound by the terms of the Settlement Agreement.

18. Any Settlement Class Member may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to object to the Settlement. No Settlement Class Member will be heard, and no papers submitted by any Settlement Class Member will be considered, unless, no later than 60 days from the Notice Date, the Settlement Class Member files with the Court and mails to Class Counsel and Defendants' counsel written objections. Written objections should include: (a) the name of the proceedings; (b) the objector's full name, mailing address, telephone number, and email address (if any); (c) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (d) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (e) a statement of whether the objector and/or his/her attorney(s) intend to appear and/or testify at the Final Approval Hearing; and (f) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any).

19. All opening briefs and documents in support of any application by Plaintiffs and proposed Class Counsel for Service Awards to Class Representatives and attorneys' Fee and Costs Award shall be filed and served by no later than 14 days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement. Plaintiffs shall file a Motion for Final Approval of the Class Action Settlement no later than 14 days prior to the Final Approval Hearing.

20. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement, shall be the responsibility of Defendants and come out of the established Settlement Fund, as set forth in the Settlement Agreement.

21. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all

further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties to the Settlement Agreement, if appropriate, without further notice to the Settlement Class.

22. Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. The Court retains continuing and exclusive jurisdiction over the implementation, enforcement, and administration of the Settlement and this Preliminary Approval Order.

IT IS SO ORDERED.

Date: July 1, 2026

Jill N. Parrish

Hon. Jill N. Parrish
United States District Judge